```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                :
UNITED STATES OF AMERICA,                       :
                                                :
            -v-                                 :    16-CR-387-4 (JMF)
                                                :
OSCAR VALDEZ-GARCIA,                            :    SCHEDULING ORDER
                                                :
                        Defendant.              :
                                                :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

    The Court has been advised that the Defendant may want to enter a change of plea. Accordingly, the parties shall appear for a conference with the Court on **January 7, 2020** at **4:00 p.m.** in **Courtroom 1105** of the Thurgood Marshall Courthouse, 40 Centre Street, New York, New York.

    The Court notes that, in accordance with Section 6(B) of the Court's Individual Rules and Practices for Criminal Cases, defense counsel should, in advance of the proceeding, review with the Defendant — if necessary, with the assistance of an interpreter — any *Pimentel* letter or plea, cooperation, or other agreement, as well as the Court's Advice of Rights form. A copy of the Advice of Rights form is attached to this Order. (The form is also available — in both English and Spanish — at https://www.nysd.uscourts.gov/hon-jesse-m-furman.)

    SO ORDERED.

Dated: January 3, 2020  
       New York, New York  
                                            JESSE M. FURMAN  
                                            United States District Judge

Revised: January 9, 2014

# ADVICE OF RIGHTS FORM

**United States of America v. _____        \_\_\_\_ Cr._____ (    )**

      I have received and read a copy of the indictment or information and understand the nature of the charges made against me.  I have had the opportunity to tell my lawyer all I know about the matters referred to in the indictment or information.

      I understand the nature of the charges against me, my constitutional rights, and the punishment that could be imposed by the Court upon my plea of guilty, including: any maximum and mandatory minimum terms of imprisonment; the effect of any term of supervised release that may be imposed; the possibility of an order of forfeiture; the possibility of an order of restitution if any financial injury was caused by the offense; the fact that the Court must consider any applicable sentencing guidelines as well as the other factors enumerated in Title 18, United States Code, Section 3553(a), in imposing sentence; and the fact that the Court may depart from the sentencing guidelines in some circumstances.

      I understand that if I plead not guilty to any count or counts in the indictment or information:

- I would be presumed under the law to be innocent of the charges against me in such count or counts.

- I would be entitled to a speedy, public trial by an impartial jury in which the burden would be upon the Government to establish my guilt beyond a reasonable doubt to the satisfaction of all 12 jurors.

- Upon such trial (1) I would be entitled to remain silent and no inference could be drawn against me because of my silence; (2) I could, if I wished, testify on my behalf; (3) I would be entitled, through my lawyer,  to confront and cross-examine all witnesses against me; and (4) I would be entitled to compulsory process of the Court to obtain witnesses to testify and evidence to be offered in my defense.

      I understand that if my plea of guilty to any count or counts is accepted by the Court, I will give up the foregoing rights with respect to such count or counts and the Court will have the same power to sentence me as if a jury had brought in a verdict of guilty with respect to such count or counts.

      My decision to plead guilty is freely and voluntarily made.  I have not been induced to plead guilty to any count by any promises other than those contained in any written plea agreement that I have signed, if such an agreement exists.  No one has promised me that I would receive leniency, a lesser sentence, or any other consideration if I pleaded guilty instead of going to trial.  I have not been induced to plead guilty by any force or coercion.

      I understand that, if my guilty plea is accepted and I am adjudged guilty, that adjudication may deprive me of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm, if I currently have or could otherwise attain such rights.  If I am not a citizen of the United States, I have had an opportunity to discuss the possible immigration consequences of my plea with my lawyer; I understand that, if I plead guilty, there may be

adverse effects on my immigration status, including further detention following completion of my sentence and removal or deportation from the United States.

      I am pleading guilty because after discussing the case with my lawyer I believe that I am guilty. I am satisfied with how my lawyer has represented me.

      I have had a full opportunity to discuss with my lawyer whether there are any meritorious defenses to the count or counts to which I am pleading guilty. I understand that, by pleading guilty, I am giving up the right to assert any such defenses.

      I have had a full opportunity to discuss with my lawyer whether there is a basis to seek suppression of some or all of the evidence against me on the ground that my constitutional rights were violated. I understand that, by pleading guilty, I am giving up the right to seek suppression of any of the evidence against me, unless the Court, as a condition of my guilty plea, specifically permits me to retain the right to appeal the denial of any suppression motion I have made or joined.

      I am not under the influence of any substance, such as medication, narcotics or alcohol, that would affect my ability to understand the nature and consequences of my action in pleading guilty.

      I have read and fully understand the foregoing statement.

_____
Signature of Defendant

Dated:_____      _____
Signature of Interpreter

      I, the lawyer for the above-named defendant, have reviewed the foregoing with the defendant, have explained to the defendant the nature of the charges against him or her; his or her constitutional rights; the punishment that could be imposed upon entering a guilty plea; and, if applicable, the possible immigration consequences of his or her guilty plea. The defendant has had a full opportunity to discuss with me whether there are any meritorious defenses to the count or counts to which the defendant is pleading guilty. I have explained to the defendant that, by pleading guilty, he or she is waiving the right to assert any such defense. The defendant has also had a full opportunity to discuss with me whether there is a basis to seek suppression of some or all of the evidence against him or her on the ground that his or her constitutional rights were violated. I have explained to the defendant that, by pleading guilty, he or she is giving up the right to seek suppression of any of the evidence against him or her, unless the Court, as a condition of the guilty plea, specifically permits the defendant to retain the right to appeal the denial of any suppression motion he or she may have made or joined.

Dated:_____      _____
Signature of Lawyer